GEORGE SNYDER CRILLY, FRANK LLOYD CRILLY, AND EDGAR CRILLY, EXECUTORS, ESTATE OF DANIEL F. CRILLY, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 17210, 18747.   Promulgated February 13, 1929.

*E. Barrett Prettyman, Esq.,* for the petitioners.
*A. H. Fast, Esq.,* for the respondent.

394

395

OPINION.

MORRIS: The first question for consideration is whether or not the respondent erred in finding that various transfers of property by the decedent prior to his death were made in contemplation of death within the meaning of section 402 of the Revenue Act of 1921. That section in so far as applicable here, provides:

That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

\* \* \* \* \* \* \*

(c) To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death (whether such transfer or trust is made or created before or after the passage of this Act), except in case of a bona fide sale for a fair consideration in money or money's worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such a consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this title.

The books are so replete with decisions in which this question has been considered and the term "contemplation of death" defined, that

to delve into the subject here would result in repetition and duplication of effort, and in the end would serve no useful purpose.

The petitioners introduced twenty-one witnesses who were intimately acquainted with the decedent at the time of his death and for a great period of years prior thereto, whose testimony convinces us that the various transfers of real and personal property were not motivated "immediately and directly" by fear or expectation of impending death. See *Cyrus H. McCormick et al.*, 13 B. T. A. 423; *Estate of Charlotte C. Lozier*, 7 B. T. A. 1050; *Estate of R. H. Boggs*, 11 B. T. A. 824; *Edmund H. Fleming et al.*, 9 B. T. A. 419; *Joseph Edward Phillips et al.*, 7 B. T. A. 1054; *Fred Wolferman, Executor*, 10 B. T. A. 285; and *Estate of Charles F. Roe*, 14 B. T. A. 312.

We are therefore of the opinion that the petitioners have clearly overcome the prima facie correctness of the respondent's findings and also the statutory presumption operating against them with respect to the transfers made within two years of the death of the decedent.

The petitioners having expressly waived the second and third issues herein in the event of a favorable decision on the first issue, it is unnecessary for us to pass upon those questions.

*Judgment will be entered under Rule 50.*